UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD ROBERT MILLER,<br><br>Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM,<br><br>Respondent. | No. 2:15-cv-1365 JAM CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This prisoner habeas action proceeds on the first amended petition, challenging petitioner's 2012 murder conviction in the Placer County Superior Court. (ECF No. 18.) Before the court is respondent's motion to dismiss the amended petition, which petitioner opposes. (ECF Nos. 21 & 23.) Petitioner has also moved to stay this action pending exhaustion of state remedies. (ECF No. 22.) The undersigned addresses these motions below.

I. Background

The California Court of Appeal, Third Appellate District, affirmed petitioner's murder conviction in August 2014. Petitioner sought review in the California Supreme Court, which denied review in November 2014. (Lod. Docs. 4-6.)

Petitioner commenced this action on June 29, 2015. (ECF No. 1.) Respondent answered the original petition and lodged record documents on November 10, 2015. (ECF Nos. 13 & 14.)

////

1

On January 20, 2016, the court granted petitioner's unopposed motion to amend, as petitioner represented that he was filing an amended petition "containing all exhausted claims raised and denied in the state courts." (ECF Nos. 17, 18 & 20.)

In the amended petition, petitioner seeks federal habeas relief on three grounds:

1. The trial court erroneously admitted evidence of the victim's state of mind;

2. Petitioner's due process rights were violated by the admission of emails between the victim and a third party; and

3. There was cumulative prejudice from evidentiary errors at trial.

Petitioner represented that, other than his appeal and petition for review, he had not filed any state petitions or motions concerning his 2012 conviction. (ECF No. 18 at 5.) In support of his claims, he attached portions of his opening and reply briefs on appeal and his petition for review in the California Supreme Court. (ECF No. 18.)

II. Motion to Dismiss

Respondent moves to dismiss the amended petition, arguing that it does not raise any federal claims and, to the extent it does, they are unexhausted.[1] (ECF No. 21.)

The amended petition contains the same three claims as the original petition, which were also the three claims raised in petitioner's petition for review in the state supreme court. (ECF No. 1.) The main difference in the amended petition is that petitioner has attached his pleadings in the California Court of Appeal with the intent of "federalizing" his claims.[2]

////

---

[1] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with discretionary powers of review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004), citing Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).

[2] Petitioner states that "[a]ppellate counsel failed to federalize all three grounds, leaving the task of federalizing up to petitioner." (ECF No. 18 at 11.) As explained below, petitioner's appellate counsel made federal due process arguments as to Claims 2 and 3.

Respondent asserts that Claim 1 fails to state a federal ground for relief because petitioner argued in state court that the admission of state-of-mind evidence violated California Evidence Code § 1250 and was prejudicial under state law, but did not refer to the federal constitution or use the terms "federal" or "due process" in briefing this claim.  (ECF No. 21 at 3; see also ECF No. 13 at 20-21.)  "Thus," respondent argues, "incorporating those briefs provides no legal basis for any possible federal due process claim in the first ground for relief in the federal petition." (ECF No. 21 at 3.)

Having reviewed petitioner's state court briefing of this claim, the court confirms that petitioner based his Claim 1 argument on state law.  In fact, in opposition to the motion to dismiss, petitioner concedes that Claim 1 has not been exhausted in the state courts and the amended petition is "mixed."  (ECF No. 23.)  Petitioner asserts that he is currently attempting to exhaust a "federalized" version of Claim 1 in the state supreme court.  (Id.)

As to Claims 2 and 3, petitioner argued in his state petition for review that both the erroneous admission of emails and cumulative trial error violated his federal right to due process. (Lod. Doc. 5 at 21-22, 24-25.)  Thus these claims have been "fairly presented" to the state supreme court and are exhausted.

On this record, the undersigned concludes that the amended petition is "mixed" because any federal claim as to state-of-mind evidence has not been fairly presented to the state courts and therefore is unexhausted.  While respondent seeks an order dismissing the amended petition with prejudice and proceeding on the original petition, the undersigned will recommend that his motion be granted in part: The amended petition should be dismissed with leave to file a second amended petition containing only exhausted claims.

III.  Motion to Stay

Petitioner moves to stay this action pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005) while he exhausts a federalized version of Claim 1 in a state habeas petition filed February 1, 2016.  (ECF No. 22.)

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.

3

The "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), involves the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims,
>
> (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and
>
> (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A petitioner who proceeds under Kelly may amend his petition with newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.[3] If a petitioner's newly-exhausted claims are untimely, he may amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. See King, 564 F.3d at 1140–41; see also Duncan v. Walker, 533 U.S. 167, 172–75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).[4]

The United States Supreme Court has authorized a second procedure for pursuing both exhausted and unexhausted claims, set forth in Rhines, 544 U.S. at 277. Under the Rhines procedure, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition

---

[3] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[4] Unlike the Rhines procedure described below, the Kelly procedure does not require a showing of good cause. King, 564 F.3d at 1140. Rather, "a petitioner may invoke Kelly's three-step procedure subject only to the requirement that the amendment of any newly-exhausted claims back into the petition must satisfy Mayle [v. Felix, 545 U.S. 644, 650 (2005)]." Id. at 1143; see id. at 1142 ((Mayle requires new claims to relate back to claims that were exhausted at the time of filing).

1   to allow a petitioner time to return to state court to present unexhausted claims.").  To obtain a
2   Rhines stay of a mixed petition pending exhaustion of the unexhausted claims, the petitioner must
3   show that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good
4   cause for his earlier failure to exhaust state remedies.  544 U.S. 269.

5       Here, petitioner has not shown Claim 1's potential merit, nor has he shown good cause
6   sufficient to obtain a Rhines stay.  See Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) ("An
7   assertion of good cause without evidentiary support will not typically amount to a reasonable
8   excuse justifying a petitioner's failure to exhaust.").

9       Thus, in lieu of a Rhines stay, the undersigned will recommend a Kelly stay.  Specifically,
10  the court will recommend that the amended petition be dismissed and petitioner be directed to file
11  an amended petition with Claim 1 deleted.  Upon receipt of a fully-exhausted Second Amended
12  Petition, the court will stay this action until such time as petitioner files a Third Amended
13  Petition, including any additional claims that have been exhausted in the California Supreme
14  Court.

15      Accordingly, IT IS HEREBY RECOMMENDED THAT:
16      1.  Petitioner's motion for stay (ECF No. 22) be granted as follows:
17          a. The amended petition (ECF No. 18) is dismissed as "mixed";
18          b. No later than thirty days after dismissal, petitioner shall file a second amended
19  petition containing only exhausted claims (Claims 2 and 3);
20          c. Failure to timely file such an amended petition will result in this action being
21  closed; and
22          d.  Upon receipt of a fully exhausted second amended petition, that court will
23  administratively stay this action pursuant to Kelly, pending exhaustion of Claim 1 in the
24  California Supreme Court.
25      2. Respondent's motion to dismiss (ECF No. 21) be granted as consistent with the above.
26      These findings and recommendations are submitted to the United States District Judge
27  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
28  after being served with these findings and recommendations, petitioner may file written

1 objections with the court.  Such a document should be captioned "Objections to Magistrate
2 Judge's Findings and Recommendations."  In his objections petitioner may address whether a
3 certificate of appealability should issue in the event he files an appeal of the judgment in this
4 case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or
5 deny a certificate of appealability when it enters a final order adverse to the applicant).
6 Petitioner is advised that failure to file objections within the specified time may waive the right to
7 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8 Dated:  March 18, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/mill1365.amend

6